## COLLINS v. COLLINS.

1. **Practice:** INSTRUCTION. Where evidence, tending to establish facts not put in issue by the pleadings, has been admitted without objection, it is proper to instruct the jury upon the legal effect of such evidence.

2. ————: VERDICT: WHEN AGAINST EVIDENCE. A verdict will not be set aside as against the evidence, unless so manifestly without support as to indicate that the jury were influenced by passion or prejudice.

*Appeal from Jones District Court.*

FRIDAY, APRIL 20.

ACTION for a balance due upon account. The defendant answered admitting most of the items of plaintiff's account, but claiming further credits by way of set-off, amounting to more than the sum claimed by plaintiff. The reply was a general denial of defendant's items of set-off, and also a plea of the statute of limitations. The answer among other items set up a chattel mortgage executed by John Collins, the decedent, to the defendant to secure him for signing certain notes as surety for said John Collins, and also reciting that it was to secure the payment of $65 due defendant from said John Collins. There was a trial by jury, verdict and judgment for the plaintiff. Defendant appeals.

*King & Deitz,* for appellant.

*Sheean & McCarn,* for appellee.

ROTHROCK, J.—I. The defendant introduced the chattel mortgage in evidence, as showing an acknowledgment of indebtedness in the sum of $65.

The plaintiff introduced evidence tending to show that the

mortgage in question was made at a time when the decedent
had been sued for a large amount of money, and
that the chattel mortgage was made to defendant
in trust, and that defendant had no promissory note of sixty-
five dollars as described in the mortgage.

*1. PRACTICE: instruction.*

The court instructed the jury, in substance, that if the
mortgage was given for the purpose of covering up the prop-
erty of decedent and defrauding his creditors there was no
consideration therefor, and that it could not be enforced against
plaintiff.

The defendant excepted to this instruction because no issue
of fraud was made in the pleadings.

No objection was made to the evidence showing the cir-
cumstances under which the mortgage was made. Objection
was first made when the instruction was given to the jury.
This was too late.

II. It is urged that the verdict is not supported by the
evidence. We cannot disturb it on this ground. It is true
there are certain items of the cross-claim which
seems to us, from the evidence, it would have been
proper for the jury to have allowed, but the de-
ceased and defendant were brothers, the account sued upon
was made by the deceased with his own hand, and while upon
his death bed, and a very short time before he died he mani-
fested to the defendant an anxiety that the account between
them should be settled. The plaintiff, who is the widow of
John Collins, testified that the defendant never pretended to
have any claim against the estate until the account was sued;
that she could never get anything out of him about it, but
that he "would kind of act deaf, and walk off."

*2. ———: ver-dict: when against evi-dence.*

Considering all the evidence, we are not prepared to say
that the verdict is so manifestly without support as to indi-
cate passion or prejudice upon the part of the jury.

AFFIRMED.