LIZZIE BAILEY v. CITY OF CENTERVILLE, Appellant.

**Damages: DUTY TO MITIGATE.** A physician, who in an action for injury to plaintiff's leg, had testified that the adhesion was not to the bone, but to the fasciae; that it did not interfere with the range, but with the freedom of motion; that the wound might be painful, with changes of the weather, and would be so under any

108   20
111   580
111   582

108   20
112   442

108   20
115   595

108   20
116   367

108   20
120   153
121   108

108   20
124   180

108   20
125   53
126   50

108   20
127   487

108   20
132   724

108   20
137   647

condition of weather if the nerves were caught up in the scar,— should be allowed to testify whether a slight surgical operation, involving but little inconvenience to the patient, would break adhesion, and restore the leg to its normal use, so that there would be no retarding of motion, or special inconvenience from the scar, as if such was the case, it was plaintiff's duty to alleviate her injury, and she could not recover for consequences which might thus be avoided.

INSTRUCTIONS. An instruction, in an action for personal injury, that the jury should determine to what extent plaintiff had been disabled, and whether such disability will "*probably*" continue, and allow her for such disability such sum as the evidence shows her entitled to, is not erroneous as allowing recovery for disability other than what the evidence showed was reasonably certain to continue, especially where in the same instruction, the jury were told that plaintiff could only recover such damages as were caused solely by the accident, in determining whether there would be future damages.

PLEADING. A prayer for judgment for a certain amount because of permanent injury to plaintiff's leg is sufficient, it the absence of a motion for more specific statement, to allow a recovery for loss of earning capacity resulting therefrom.

Married Woman: SEPARATE EMPLOYMENT. Evidence that the plaintiff, a married woman, owned a sewing machine, and took in sewing regularly, and made thereby five to ten dollars a month is evidence of a separate employment sufficient to allow her, in an action for personal injury, to recover for loss of earning capacity.

Evidence: SIDEWALKS. Evidence in an action against the city for injury from a defective sidewalk, that there was no change in the condition of the walk for a month after the accident, is admissible; there being other evidence as to the condition just after the accident.

SAME. Admission of evidence as to the condition of a sidewalk two hundred feet from the place of the accident is not error; there being evidence that the walk for the distance of the entire block within which the accident occurred was out of repair, and in a dangerous condition.

CONCLUSION. Testimony that from the time witness noticed the sidewalk till plaintiff was injured thereby, a period of six months, "it did not get in any better shape," is not a mere conclusion but an affirmation that there was no change in its condition.

SAME. Testimony in an action for personal injury, that plaintiff "looked bad," that apparently she could scarcely walk, and that she lifted her foot very tenderly, is admissible.

INSTRUCTIONS: *Sidewalk*. Where the evidence is that the sidewalk was continuously in bad condition for the entire block within

which the accident happened, an instruction that the evidence to show that boards were loose in other places in the same block was to be considered only on the question of notice does not direct separate and distinct defects to be considered.

SAME. An instruction that the evidence tending to show that the sidewalk was out of repair a short distance from the accident was to be considered only ' for the purpose of tending to show, if it does (and that is for you to say), whether or not" the city should, by the exercise of reasonable care, have had notice of the condition of the walk where the accident happened, does not assume a state of facts to exist, but leaves it to the jury to say whether the evidence tended to show that the city had notice of the defect causing the accident.

*Harmless Error.* An instruction telling the jury not to consider the amount of sidewalk the city had to maintain is not prejudicial though there is no evidence regarding the matter.

*Appeal from Appanoose District Court.*—HON. F. W. EICH-ELBERGER, Judge.

FRIDAY, APRIL 7, 1899.

ACTION at law to recover damages for personal injuries sustained by plaintiff, due to a fall on one of the sidewalks in the defendant city, which it is claimed was out of repair, and in an unsafe and dangerous condition. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Mabry & Payne* for appellant.

*C. F. Howell* for appellee.

DEEMER, J.—While walking along one of the streets of defendant city, accompanied by her husband, plaintiff struck one of her limbs against a loose board in one of the sidewalks, which was raised from its place by reason of her husband's stepping upon the inner end thereof. The injury received resulted in necrosis of the left tiba, necessitating a surgical operation, that was performed by surgeons of plaintiff's choice, but which plaintiff claims, left her seriously and per-

manently disabled.  The alleged negligence is failure of the
city to keep its sidewalks in good condition for public travel.

A witness was asked as to any changes in the condition
of the walk after plaintiff received her injuries, and he
answered that there was no change for a month or so
after the accident occurred.  This evidence was prop-
erly admitted, for another witness was permitted to
testify as to the condition he found it in just after the acci-
dent.  *Munger v. City of Waterloo,* 83 Iowa, 559.

Another witness was allowed to testify, over defendant's
objection, that from the time he first noticed the walk until
plaintiff was injured, a period of six months, "it did
not get in any better shape."  This was merely an
affirmation that there was no change in its condition,
and was not a mere conclusion, but a fact which might prop-
erly be given in evidence.

Evidence as to the condition of the walk some two hun-
dred feet from the place of the accident was also admitted
over defendant's objections.  In view of the other evi-
dence tending to show that the walk in front of the
entire block adjoining the sidewalk was out of repair,
and in a dangerous condition, there was no error.  *Munger v.
City of Waterloo, supra; McConnell v. City of Osage,* 80
Iowa, 293.

A witness was permitted to state that the plaintiff
"looked bad," that apparently she could scarcely walk, and
that she lifted her foot very tenderly.  Such evidence
was properly admitted.  Rogers Expert Evidence (2d
ed.), section 4, and cases cited; *Yahn v. City of
Ottumwa,* 60 Iowa, 429 ; *State v. Shelton,* 64 Iowa, 333 ; and
*State v. Huxford,* 47 Iowa, 16.

A physician called by the defendant was asked, on
re-direct examination, if a slight surgical operation,
involving but slight inconvenience to the patient, would
break up the adhesion found in plaintiff's leg, and
restore it to its normal use, so that there would be no

retarding of motion, or special inconvenience from the scar. An objection to the question was sustained, and error is assigned on the ruling. This witness had already stated that the adhesion was not to the bone, but to what is called the "fasciae," and said that it did not interfere with the range, but did with the freedom, of motion; that the wound might be painful, with changes of the weather, and would be so under any condition of weather if the nerves were caught up in the scar. The question to which we have referred was then propounded to him. We think it should have been answered. Answer to the interrogatory would, no doubt, have thrown much light on the question as to the extent of plaintiff's injury. Again, if, by slight expense and by slight inconvenience, plaintiff might have avoided the consequences of the defendant's negligence, it was her duty to go to this expense and suffer this inconvenience. Of course, she would not be required to undergo a serious or speculative surgical operation. But if a slight operation, involving but slight inconvenience, would relieve the plaintiff, it was her duty to alleviate her injury. And, if she failed and neglected to do so, she cannot recover from consequences which might thus be avoided.

Other assignments of error relating to rulings on evidence are without merit, or the errors, if any, were subsequently cured.

II. A portion of instruction No. 6 reads as follows: "(6) The court has permitted evidence to go to you tending to show that the walk within a short distance from the place where it is claimed the accident happened was out of repair; that is, that boards were loose at other places in the same block. You are especially instructed that this testimony should be considered by you, as against the city, only for the purpose of tending to show, if it does (and that is for you to say), whether or not the city authorities should have had knowledge or notice of the condition of the walk or plank where the accident is claimed to have happened,

by the exercise of reasonable care." This is complained of,—
*First,* because it directs that separate and distinct defects in
the walk might be considered by the jury in determining the
question of notice; and, *second,* because it assumes a state of
facts as true, and usurps the province of the jury. Taken in
connection with the evidence adduced, we do not think it is
vulnerable to the first objection. This evidence tended to
show that the walk was continuously in bad condition in front
of the whole block. The latter objection is not tenable. The
court did permit evidence to go to the jury tending to show
that the walk was out of repair a short distance from the
place of accident, and the instruction leaves it to the jury
to say whether or not such evidence tended to show that the
city had notice or knowledge of the defect which caused the
injury. In other words, the effect of such evidence was left
to the jury. In this respect the case differs from *State v.
Porter,* 74 Iowa, 623, relied upon by appellant. That such
an instruction was proper, see authorities heretofore cited in
the first division of this opinion, and *Armstrong v. Town of
Ackley,* 71 Iowa, 76.

III.   The jury were told not to take into consideration
the amount of sidewalk which the city had to maintain, nor its
financial condition. It is said there was no evidence relating
to these matters, and that the direction was erroneous.
True, there was no evidence regarding these matters.
But the instruction was clearly without prejudice. If
they did not consider such matters, it is the same as if no evidence had been adduced upon the subject; and, as defendant
asked nothing on account thereof, no harm resulted.

IV.   The latter part of the tenth instruction is as follows: "If she has been prevented by said accident from performing labor on her sewing machine, you should inquire and
determine from evidence to what extent she has been disabled,
if any, and whether or not, under the evidence, such disability
will probably continue, and allow her for such disability
such sum as the evidence shows she may be entitled to. But

the entire sum should not exceed the amount claimed in the petition." This is challenged because it is said that there is no evidence that plaintiff, who is a married woman, was engaged in a separate employment. The evidence tended to show that plaintiff owned a sewing machine, and that she took in sewing regularly, and made at least five, and sometimes ten dollars, per month; that she had such separate employment as entitled her to recovery for loss of earning capacity, and that the evidence was sufficient, see *Mewhirter v. Halten,* 42 Iowa, 291; *Tuttle v. Railroad Co.,* 42 Iowa, 518; *Fleming v. Town of Shenandoah,* 67 Iowa, 508; and *Meier v. Shrunk,* 79 Iowa, 22. Again, it is said the petition does not ask damages for loss of earning capacity. The prayer is for judgment for five thousand dollars because of the permanent injury to plaintiff's limb. While it is not as specific as it might have been, yet it was sufficient in the absence of a motion for more specific statement, and entitled plaintiff to prove such damages as necessarily resulted from the wrong complained of. In other words, the damages were not special, but general, and no special plea was necessary. Moreover, evidence of loss of capacity to earn was admitted without objection, and the matter was treated as a proper element of damage. In view of this record, defendant has no cause for complaint. See *Collins v. Collins,* 46 Iowa, 60. And, as sustaining our conclusions generally on this proposition, see *Dickens v. City of Des Moines,* 74 Iowa, 216, and *Flannigan v. Railroad Co.,* 83 Iowa, 639. Further, it is stoutly insisted that the use of the word "probably" in the instruction was erroneous. In the case of *Ford v. City of Des Moines,* 106 Iowa, 94, we held that the use of the word "may," as applied to future pain, inconvenience, and impairment of earning capacity, was erroneous, and said: "In other words, the jury was authorized to allow the plaintiff for pain, inconvenience, and impairment of enjoyment which the evidence showed might continue in the future, which was merely pos-

sible, not for what the evidence showed was reasonably certain to continue. In this respect the charge was erroneous." In *Miller v. Boone County,* 95 Iowa, 5, we approved a charge directing the jury to allow such damages as may reasonably be expected to arise in the future from the injuries received. In *State v. Jones,* 64 Iowa, 349, the word "probable" received judicial construction, and it is there said: "If it was made probable to the jury that the defendant was so far insane as not to be accountable for his acts, we think that he should have been acquitted. Worcester defines 'probable' as 'having more evidence for than the contrary.' Webster defines it as 'having more evidence for than against.' We think that it was sufficient if the evidence of insanity preponderated. The idea of the court seems to have been that, as the presumption of insanity counts for something, it cannot be said to be overcome by a bare preponderance of evidence. There is a course of reasoning which might, perhaps, seem to support this view. The difference between a bare preponderance of evidence and that which is next less might be said to be infinitely small, and that what is infinitely small cannot be weighed or appreciated. But such considerations are too refined." Applying that rule to the case at bar, and to the evidence adduced upon the trial, which was to the effect that the injury was permanent, we think there was no error. While one court has disapproved of the use of the term "reasonable probability" in an instruction relating to future pain and suffering (*Block v. Railway Co.,* 89 Wis. 371 (61 N. W. Rep. 1101), and *Smith v. Traders' Exchange,* 91 Wis. 360 (64 N. W. Rep. 1041), yet this same court has also held that an instruction to the effect that plaintiff might recover for pain which she may have to endure in the future, but that, in order to assess damages for the future, the jury must be satisfied to a reasonable extent, from the evidence, that she will continue to suffer, was good. *Kliegel v. Aitken,* 94 Wis. 432 (69 N. W. Rep. 67). Other courts have approved of the use of the word "likely" (*Railroad Co. v. Davidson,* 22 C. C. A. 306

(76 Fed. Rep. 517); *Scott Tp. v. Montgomery,* 95 Pa. St. 444); and others, the words "reasonably certain" (*Stafford v. City of Oskaloosa,* 64 Iowa, 251; *Ross v. Kansas City,* 48 Mo. App. 440; *Sherwood v. Railway Co.,* 82 Mich. 374 (46 N. W. Rep. 773); and still others "reasonably result" (*Chilton v. City St. Joseph,* 143 Mo. Sup. 192 (44 S. W. Rep. 766). Reasonable certainty that future pain and suffering or loss of capacity will follow is all that is required. When we say that it is "likely" or "probable" that such results will follow, we mean the evidence preponderates that way, and there is that reasonable certainty which the law requires. Something more than mere conjecture is necessarily implied. Moreover, in the same instruction, the court plainly instructed that plaintiff could only recover such damages as were caused solely by the accident, and that the jury must be guided by the evidence in determining whether or not there would be future damage. While it would have been better to use the words "reasonably certain,'" yet, looking to the whole instruction, we think that idea was conveyed, and that there was no prejudicial error. For the error pointed out in the first division of this opinion, the judgment is REVERSED.