JAMES BELL, Administrator, Appellee, v. INCORPORATED TOWN OF CLARION, Appellant.

**Withdrawal of Evidence.** The discretion of a trial court in permitting the withdrawal of evidence will not be interfered with in the absence of a showing of abuse.

**Withdrawal of Evidence: PREJUDICE: NEW TRIAL.** Upon the trial plaintiff offered in evidence a transcript of the testimony of certain witnesses on a former trial, which was withdrawn, and the same witnesses were examined on the same subject in open court. *Held*, it appearing that defendant was not prejudiced thereby it was not error to refuse to discharge the jury and grant a new trial.

**Verdict Held not Excessive.** Deceased died as the result of inju ies
received from a loose plank in a sidewalk about seven months after the injury, during which time she suffered great pain and at times had convulsions.   *Held,* that a verdict for $3500 was not excessive.

*Appeal from Wright District Court.*—HON. J. R. WHITAKER, Judge.

### WEDNESDAY, MAY 13, 1903.

THIS action was commenced by Eliza Bell to recover damages for a personal injury received upon a sidewalk in the defendant town. Said Eliza Bell having died before the cause was reached for trial, her husband, James Bell, was appointed administrator of her estate, and substituted as plaintiff. Upon a former trial there was a verdict and judgment in favor of plaintiff, which on appeal to this court was reversed, and the cause remanded for a new trial. For the opinion on such former appeal, see 113 Iowa, 126. Upon the present trial the plaintiff again secured a verdict in the sum of $3,500, and judgment was entered thereon. The defendant appeals.—*Affirmed.*

*Nagle & Nagle* and *Birdsall & Birdsall* for appellant.

*Peterson & Humphrey* and *W. D. Evans* for appellee.

BISHOP, C. J.—The trial began on April 23, 1901. Preceding this, and on April 8, 1901, notice in writing was served upon the defendant to the effect that, upon the trial, plaintiff would offer in evidence, as depositions, translations of the shorthand notes of the evidence of each and all the witnesses who had testified on behalf of plaintiff on the former trial. During the trial, plaintiff called as a witness the shorthand reporter who took the evidence on the former trial, and he produced and indentified his certified transcript of such evidence. Thereupon, and in

addition to other evidence offered and introduced, plaintiff offered to read and introduce in evidence the testimony of a witness appearing in such transcript. To this, defendant objected as incompetent, and because no sufficient grounds had been shown to authorize the same. The objection was overruled and the evidence read to the jury. This was followed by an offer to read from said transcript the evidence of eight other witnesses. A similar objection was made to each, and overruled, and the evidence was read to the jury. It appears from the abstract before us that the evidence so read had relation wholly to the condition of the sidewalk at and near the place where Mrs. Bell is said to have been injured, and at and prior to the time of her injury. Having made such record, counsel for plaintiff made the statement to the court that they desired to avoid any question as to the admissibility of the transcript evidence; that they had subpœnaed the respective witnesses, and therefore they consented that such transcript evidence might be ruled out. Thereupon the court, over the objection of defendant, instructed the jury that all the evidence so read was withdrawn by the plaintiff, and that such evidence was not to be considered by them. Plaintiff then asked to be allowed to introduce the witnesses in person. Thereupon defendant objected to proceeding further with the trial before the present jury, assigning as a reason that such jury had listened to the evidence read, and the order of the court could not remove such evidence from their minds so as to enable them to now remember the testimony of the same or other witnesses without being influenced by the testimony so read, and that it would be prejudicial to defendant to permit the trial to proceed under such circumstances. This objection was overruled. The plaintiff then called and examined five of the witnesses whose testimony had been so previously read. No objection was made to any of such witnesses or to their testimony.

A careful reading of the record discloses that the testimony of the witnesses, as read from the transcript, was, to all intents and purposes, indentical with that given by them when subsequently called to the witness stand. Manifestly, the objection of defendant to the withdrawal of the transcript evidence was without force. Ordinarily the right of a party to an action to thus proceed is not subject to question. There may be cases where prejudice to the other party would result from such a course, by reason of the character of the evidence itself, but such is not claimed in the case before us. The evidence was all objected to by defendant when offered, and the objection to the withdrawal thereof was a general one, and, at best, can be considered only as addressed to the mere fact of withdrawal. In any event, the whole matter was within the discretionary powers of the court, and therewith we do not interfere save in cases of abuse. Such does not appear from the present record. A citation of authorities is not demanded, but see *State v. Helm*, 97 Iowa, 378; *Shepard v. Railway*, 77 Iowa, 54; *Keyes v. Cedar Rapids*, 107 Iowa, 509; *Aultman, M. & Co. v. Roemer*, 112 Iowa, 652.

*1. WITHDRAWAL of evidence.*

We have, then, as presenting the real question for review, the ruling of the court upon the request of defendant for the discharge of the jury, and a retrial of the action before another jury. Here too, the whole matter was within the discretionary powers of the court, and the question is to be determined by us in the light of such fact. Now, as we have already stated, the testimony read from the transcript had relation only to the condition of the sidewalk, and the testimony given by the witnesses upon the stand was confined to that subject. In no material respect did the testimony given in the one instance vary from that given in the other. At the time the ruling was made, the court, in explicit terms, directed the jury to disregard the

*2. WITHDRAWAL of evidence: prejudice; new trial.*

evidence stricken out. Again, in connection with the
general charge, the court covered the whole ground by
giving to the jury a special instruction in relation thereto;
and this in clear, positive language. We think no room
was left for a misunderstanding on the part of the jury,
and, taking into consideration the character of the evi-
dence and its relation to the questions at issue, we also
think it improbable that any confusion in the minds of the
jurors resulted from the proceedings so had. Had the tes-
timony, as given from the witness stand, been different in
any material sense from that given upon the former trial,
or if the subject-matter of such evidence was confusing or
involved intricacies, or if in itself and for any reason it
was improper and prejudicial in character, it might be
justice would require that a new trial be granted. Involv-
ing some such conditions are the cases cited and relied
upon by appellant. But in the instant case no such con-
dition is presented. In the case of *State v. Helm, supra,* it
is said: "It is to be remembered that it is the general
rule that evidence improperly admitted may be withdrawn
from the jury, and the error thus cured. This court has
many times so held. We need not cite the cases. In the
trial of jury cases the court is required to pass upon the
admissibility of evidence without time for much delibera-
tion, and when an error occurs, and soon after a correc-
tion is made, the proper administration of justice does not
require, unless it may be in extreme cases, that the court
should grant a new trial because of the error." Accept-
ing this to be the correct rule, we readily reach the con-
clusion that there was no abuse of discretion in proceeding
with the trial under the circumstances appearing.

II. We have examined the instructions complained of,
and think they were applicable to the case as made by the
evidence, and in them we find no error. So, too, there was
no error in refusing the request for instruction number 8.
The subject of contributory negligence was fully covered,

and in apt language, in the instructions given, and we think the law. was stated as favorably to defendant as it could in reason expect. The request for instruction number 2 was also properly refused. The subject-matter thereof was correctly presented to the jury by an instruction given by the court.

III. Finally it is said that the verdict was clearly excessive and the result of passion and prejudice. Mrs. Bell was injured July 1, 1897. Her injury was caused by stepping

3. VERDICT held not excessive. upon one end of a loose board, the other end flying up and striking her in the face, and resulting in a fracture of the nasal and other bones in the back part of the nose and in the lower part of the skull. She died as a result of such injury, February 12, 1898. Her sufferings in the meantime are described as constant and intense, and involved not only her head, but other portions of her body. During a considerable period she had violent convulsions, requiring the combined efforts of several persons to confine her to her bed. The details are more or less distressing, and need not be rehearsed. The amount of the recovery was confided to the sound discretion of the jury, and we do not regard the sum awarded so far unwarranted as to justify us in interfering.

On the whole, we think the judgment should be, and it is AFFIRMED.

WEAVER, J., taking no part.