E. C. CUTTER, Appellee v. THE CITY OF DES MOINES, Appellant.

**Municipal corporations:** STREET OBSTRUCTIONS: NEGLIGENCE. A disabled vehicle which is permitted to remain in a public street for an unreasonable length of time, and in a position calculated to frighten ordinarily gentle horses, is an obstruction and a nuisance; and the city is liable for an injury which naturally follows from the negligent act, although no one would have reasonably apprehended the danger.

**Same.** Where a disabled bobsled with the box removed so as to present an unusual appearance had remained in a public street for two days prior to the fright of plaintiff's horse, and his consequent injury, the question of whether there had been sufficient time for the city to have known and removed the same prior to plaintiff's accident was for the jury; and the evidence was sufficient to support a verdict involving negligence of the city.

**Same:** DAMAGES: LOSS OF TIME: PLEADING. A petition alleging permanent disability as the result of injuries is sufficient to authorize recovery for future loss of time.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

TUESDAY, DECEMBER 10, 1907.

REHEARING DENIED, TUESDAY, MARCH 17, 1908.

ACTION at law to recover damages for injuries received by plaintiff caused by the fright of a horse at an object in one of the streets of the defendant city, which it is claimed defendant wrongfully and negligently suffered and permitted to remain there. Trial to a jury, verdict and judgment for plaintiff and defendant appeals.— *Affirmed.*

*W. H. Bremmer, M. H. Cohen,* and *W. M. McLaughlin,* for appellant.

*Clark & Byers,* for appellee.

DEEMER, J.— Beaver avenue is one of the prieipal residence streets in the city of Des Moines.    Some time prior to the accident in question, the city made a fill in this street some six hundred feet long and in places from five to six feet in height.    This fill was not as broad as the street and was from twenty-two to twenty-five feet in width on the surface or traveled part thereof.    The sides of this grade were precipitous, and, as we understand it, the bottom of the fill did not occupy the entire width of the street.    On the 11th day of February, 1903, a man while on his way into the city with a bobsled broke the singletrees while trying to pass over this grade and left the sled with the box thereon, standing on top of the grade and about four feet from the side or edge thereof.    On the 21st day of February, plaintiff and his wife were coming into the city over Beaver avenue in a single buggy leading a horse behind.    Plaintiff was driving, and as they approached the bobsled, and at a point where the fill or grade was about five feet in height, the horse which plaintiff was driving took fright at the sled, gave a quick jump, and tipped the plaintiff and his wife out of the buggy and down the side of the embankment, severely injuring both. Some time between the date when the sled was left upon the grade, and the day upon which plaintiff was injured, some one had removed the box from the runners and had pushed it over partially into the weeds, giving the sled an unusual and unnatural appearance.

Upon this state of facts, defendant's counsel contend that no such negligence upon the part of the city is shown as to justify a recovery, and complaint is also made of one of the instructions given by the trial court. The gist of the argument for a reversal is that, as to objects in a street causing horses to frighten, the rule is that, before the city can be charged with liability, the objects must be of an unusual and extraordinary

1. MUNICIPAL CORPORATIONS: street obstructions: negligence.

character, and such as might reasonably be expected to cause fright.   It is the duty of cities in this State to keep their streets open, in repair, and free from nuisance, and for violation of this duty they are liable to persons injured on account thereof.   Code, section 753.   If a vehicle of any kind becomes disabled, the owner may leave it in the street for such reasonable time as may be necessary for its removal, and its presence in the street for this time is neither a nuisance nor an obstruction.   But after this time elapses it is both an obstruction and a nuisance, and for injuries resulting therefrom a city may be held liable.   It may be that, as to the frightening of horses, the object must be such an one as is calculated to produce such fright; but, if that be the rule, even an ordinary wagon may be so changed in posture or appearance as to cause fright.   It is well known that horses are quick to observe an unnatural position of the most common objects.   A wagon box partly removed from a wagon is well calculated to frighten a horse, although if the wagon box were in place he would take no notice of it.   According to the evidence in the case, we think that the bobsled, in the condition in which it was in, was both an obstruction to the street and a nuisance, and that a jury might well have found that it was calculated to frighten ordinarily gentle horses.   It is not true that to constitute negligence the act must be such as that persons of ordinary prudence would or should have apprehended or foreseen the accident.   That doctrine has been repudiated by this court many times.   Our rule is that, if the accident follows as a result of the wrong or negligent act of another, that other is responsible, although no one would reasonably have apprehended such a disaster.

But it is said that there is no evidence that the box had been removed from the sled a sufficient length of time for the defendant to have known and removed the nuisance before the accident occurred.   This was a question of fact for the jury.   There was evidence tending to show that the box was removed something like two days

2. SAME.

before the accident occurred. The sled had been in the street a sufficient length of time for the defendant to have had notice thereof and removed the same before the accident. It was a nuisance of which defendant had knowledge, and which it was its duty to remove; and, having knowledge of the obstruction, it was, in the exercise of ordinary care, held to a greater degree of diligence than if it had not known of the presence of the sled. The questions we have suggested were submitted to the jury under instructions which are not now challenged, and it found that defendant was negligent in not removing the sled and box, and with this conclusion we are content; that is to say, there is not such a dearth of testimony as to justify us in the interfering. Our conclusions find support in *Stanley v. City*, 54 Iowa, 463; *Harvey v. Clarinda*, 111 Iowa, 528; *Wheeler v. City of Ft. Dodge*, 131 Iowa, 566; *Fritsch v. Alleghany*, 91 Pa. 226; *Collins v. City*, 32 Iowa, 324; *Hughes v. City of Fond du lac*, 73 Wis. 380 (41 N. W. 408). Appellant calls our attention to authorities from other States where recoveries were denied under substantially similar circumstances. It is enough to say of these that in none of them, so far as appears, were there statutes so broad as ours, which make it the duty of a city to keep its streets open and in repair and free from nuisance. This is pointed out in the *Wheeler* case, *supra*. That case rules the one at bar and is conclusive upon the proposition presented.

II. The trial court instructed the jury that " plaintiff might recover damages on account of his physical injury . . . loss of time from his usual occupation in the past and in the future, if any occasioned, or which

**3. SAME: damages: loss of time: pleading.**

will be occasioned by the injury to his person." This is challenged because it is said there is no basis in the pleadings for loss of time in the future. The allegation in the petition with reference to this matter is: " That he has endured great physical pain and mental suffering, and will continue to be permanently dis-

abled on account of said accident, and will continue to suffer physical pain and mental anguish on account thereof, to his great detriment and damages in the sum of $4,000." If this be broad enough to cover loss of time in the past (and this is conceded by appellant), it is surely broad enough to cover loss of time in the future. · It certainly charges permanent disablement and consequent damage, and is broad enough to cover loss of time on account thereof. The allegation might have been made more specific on motion, but no such motion was filed, and the case was tried as if the matter of loss of time were in issue. This being true, defendant's complaint is without merit. *Homan v. Franklin Co.* 90 Iowa, 185; *Bailey v. City,* 108 Iowa, 20; *Collins v. Collins,* 46 Iowa, 60. Where a petition charges permanent disablement, this necessarily implies loss of time, and there need be no further specification.

No error appears, and the judgment must be, and it is, *affirmed.*