GEORGE L. BACHELDER, Appellee, v. J. H. WOODSIDE, Appellant.

No. 46101.

MAY 11, 1943.

REHEARING DENIED SEPTEMBER 27, 1943.

John D. Randall and Walter J. Barngrover, both of Cedar Rapids, for appellant.

Trewin, Simmons & Trewin. and Guy P. Linville, all of Cedar Rapids, for appellee.

WENNERSTRUM, J.—Plaintiff seeks damages from the defendant as the result of a collision of an automobile driven by the plaintiff, in which his wife was a passenger, and an automobile driven by the defendant. It is plaintiff's claim that the collision was caused by defendant's negligence in failing to have his car under control and in failing to remain on his side of the paved highway at the time of meeting the plaintiff. Defendant pleaded a general denial and contended that the plaintiff was negligent by reason of his excessive speed at the time of the collision,

and further contended that plaintiff failed to keep his automobile under reasonable control and that he was driving it on defendant's side of the highway at the time of the collision. The plaintiff's wife assigned her claim to her husband and upon submission of the case to the jury a verdict was returned against the defendant. He has appealed.

The accident which is the basis of plaintiff's action occurred during the afternoon of October 18, 1940, on U. S. Highway No. 30, some sixteen miles west of the city of Cedar Rapids, Iowa. Plaintiff, accompanied by his wife, was traveling west and the defendant was proceeding east. The day was clear and the pavement was dry. The plaintiff and his wife were seriously injured. The plaintiff was hospitalized for approximately eight weeks and his wife was confined in the hospital for a period of five and a half weeks. The plaintiff suffered injuries to his back, a fracture of his right kneecap, and a complete fracture of his right arm between the elbow and the shoulder. He was confined to his home for several weeks after his discharge from the hospital. At the time of the trial there was testimony that he had suffered permanent, partial disability as the result of his injuries and had been unable to do any work of a substantial character. At the time of the accident plaintiff was sixty-one years of age. It was shown that he had been a traveling salesman for about twenty-two years and that his income had been approximately $1,500 to $1,800 a year for the immediate years preceding the accident. The wife's injuries included a pressed vertebra or broken back, two front teeth cracked, an injury to one of her fingers, and severe cuts and bruises on her head and body.

We summarize the claimed errors of the trial court, as contended by the defendant, and which we deem necessary to comment on, as follows: (1) That the court erred in overruling defendant's motion to suppress the testimony of the plaintiff's witnesses, two highway patrolmen, and in permitting these witnesses to testify as to a claimed confidential communication obtained by them during the course of their official investigation and which communication and report are claimed to be inadmissible by reason of a statute of this state (2) that the court

erred in the admission of the testimony of one of the patrolmen and in thereafter striking it from the record and in overruling defendant's motion for a mistrial (3) that the court erred in not admitting defendant's offer in evidence, as a part of the cross-examination of the plaintiff, of a certain section of the 1939 Code relative to the necessity of filing Iowa state income-tax returns by individuals and the refusal of the court to give an instruction in regard to this statute (4) that the court erred in submitting and including certain specifications of negligence (5) that the court erred in permitting the award of damages for "loss of time, past and future," inasmuch as it was claimed that no such issue was pleaded and no competent evidence submitted in support thereof (6) that the court erred in the giving of an instruction relative to the claimed negligence of the defendant as to the violation of the statute relative to meeting and turning to the right and the statement that such claimed violation of the statute was presumptive evidence of negligence (7) that the court erred in its refusal to grant a new trial because the verdict was excessive and was the result of passion, prejudice, misconduct, and sympathy of the jury.

The claimed error to which the defendant directs his most severe criticism pertains to the action of the trial court in first admitting the testimony of one of the two highway-patrol officials and its later action in striking his testimony. A short time after the accident, Highway Patrolman Fels arrived at the scene of the collision and made an investigation. At the time of the trial he testified that he examined the cars, the marks on the paving and on the shoulder, and talked with the defendant, Woodside. He also identified certain exhibits which purported to be pictures of the scene of the accident and which showed certain marks on the pavement and on the shoulder. He further testified as to certain statements which he said the defendant, Woodside, made to the effect that he, Woodside, had attempted to pass a bus that was ahead of him and in so doing swung over to the left-hand side of the pavement; that he then saw the approaching car from the east, which was the Bachelder car; that he saw he could not pass the bus safely and then swung back to the right side of the pavement; that he apparently lost control of his automobile and it went over to the right-hand

shoulder, and in attempting to bring it back on the pavement he made a sharp turn and then swung across the pavement over the black line into the Bachelder car. He further testified that the defendant pointed out where the collision occurred and discussed with him, the patrolman, the tire marks on the paving. This witness, on cross-examination, testified that he had made out a written report which was signed by the defendant and which was thereafter turned in to the highway-patrol headquarters. The highway patrolman also stated that he had refreshed his memory from the written statement given him by the defendant.

During the course of the examination of this witness objection was made to his testimony on the ground that it was of a confidential nature; that the accident report was of a confidential nature and made without prejudice to the defendant, and that testimony based upon this report was not admissible and could not be used as evidence in any civil action arising out of the facts on which the report was based.

A further witness called by the plaintiff was another state highway patrolman by the name of Parr, who arrived at the scene of the accident later than Fels, and who, in connection with Fels, made observations as to the accident. Objections were made to his testimony on the same grounds as those directed to the testimony of the witness Fels. These objections were overruled.

A motion was made to strike the testimony of Highway Patrolman Parr, and all evidence introduced in connection therewith, on the grounds that it was incompetent and that the report of the accident was of a confidential nature and was inadmissible. This motion was overruled in that this witness' testimony related only to his observations.

Subsequent to the proceedings relative to the introduction of the testimony of the witnesses Fels and Parr, and on the morning of the second day after Fels testified, the court announced to the jury that it had changed its ruling in connection with the testimony of this witness and that it was striking his testimony, and it directed that the jury disregard it for any purpose whatsoever in the case. The defendant, in connection

with these proceedings, then moved for a mistrial and to discharge the jury, claiming that prejudice had developed by the claimed improper reception of such evidence. This motion was overruled.

I. Consideration of the question raised by the objections made to the testimony of the two patrolmen, and the later proceedings in regard to the striking of the testimony of the witness Fels, necessitates our interpretation of the statutes by which it is claimed by the defendant that the testimony of the highway patrolman was inadmissible.

Section 5020.06 of the 1939 Code requires that the driver of a vehicle involved in an accident resulting in injury to or death of any person or total property damage to an apparent extent of twenty-five dollars shall report the accident, together with information concerning it, to a peace officer. It is further required that a written report of the accident shall thereafter be forwarded to the highway-patrol department.

Section 5020.11 of the 1939 Code is as follows:

"Reports confidential—without prejudice. All accident reports shall be in writing and the written report shall be without prejudice to the individual so reporting and shall be for the confidential use of the department, except that upon the request of any person involved in an accident, or the attorney for such person, the department shall disclose the identity of the person involved in the accident and his address. A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

This last-referred-to section was passed by the Forty-eighth General Assembly (1939). It is found in chapter 123, section 2 of the Acts of the Forty-eighth General Assembly, and it is therein stated that section three hundred two (302) of chapter one hundred thirty-four (134) Acts of the Forty-seventh (47th) General Assembly of Iowa, was repealed and the present statute substituted for it. Later comment will be made as to the legislative history of the present statute.

Because of the citation of cases in this appeal which have passed upon section 302 of chapter 134 of the Acts of the Forty-

seventh General Assembly, we deem it advisable to set out the repealed section, which was as follows:

"Reports confidential. All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the department except that the department shall disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirement that such a report be made to the department."

We held in McBride v. Stewart, 1940, 227 Iowa 1273, 1277, 290 N. W. 700, which case passed upon the 1937 statute now repealed, that testimony given concerning an oral report, which was overheard by a bystander as it was given to an official in connection with the reporting of a motor-vehicle accident, was inadmissible. The question is now before us whether the provisions of section 5020.11 now permit the giving of testimony by investigating officials relative to an oral report which is the basis of the written signed report given to these officials, inasmuch as the written report itself is inadmissible under the present statute.

Our consideration of the present and prior statutes causes us to reach the conclusion that the testimony of an investigating official should not be held to be entirely inadmissible because he obtains a written statement which is, in itself, inadmissible. The evidence which the legislature was apparently seeking to make confidential was the written report which the person involved in an accident was required to make. However, a person who makes such a. report to an officer, particularly when the officer writes it down and it is then signed by the motorist, necessarily has to first relate it orally.

974

■ The statements made to the officer by the reporting motorist, which become a part of the written report, should be considered as confidential as the written report itself. This, however, does not prevent the officer from testifying as to his observation made at the scene of the accident and other information obtained at other times. All that Patrolman Parr covered in his testimony pertained to his observations and the admission of his testimony was proper.

■ Was there error committed on the part of the court in first admitting the testimony of Patrolman Fels as to the statements made by the defendant, Woodside, to him, and in later striking this testimony? The record discloses that the trial court, in advising the jury that it was striking the testimony of Fels, stated that they should disregard the stricken testimony and should give it no consideration. The matter was also covered in a cautionary instruction. The error of the court was cured by striking the testimony and giving the cautionary admonition and the instruction to the jury. We have heretofore held that where there is other competent evidence to sustain the verdict and judgment, the error in receiving evidence which is later stricken is harmless, and we hold that there was no prejudice in this case. McDonald v. Robinson, 207 Iowa 1293, 224 N. W. 820, 62 A. L. R. 1419; Robbins v. Weed, 187 Iowa 64, 69, 169 N. W. 773; Woodard v. City of Des Moines, 182 Iowa 1102, 1107, 165 N. W. 313; Hunt v. Waterloo, C. F. & N. R. Co., 160 Iowa 722, 724, 141 N. W. 334; Bell v. Incorporated Town of Clarion, 120 Iowa 332, 335, 94 N. W. 907.

■ II. The defendant maintains that the court was in error in not admitting defendant's offer in evidence, as a part of the cross-examination of the plaintiff, of section 6943.045 of the 1939 Code, which section is relative to required returns by individuals for state income-tax purposes. Complaint is also made of the court's refusal to give a requested instruction to the effect that the law of this state requires a married person with a net income of $1,500 or more for the tax year to file a state income-tax return. We have read the cross-examination of the plaintiff with care and do not reach the conclusion, claimed by the defendant, that he was restricted in his cross-examination. We do not see in what way the jury would have been aided by an instruction

concerning it. The defendant had an opportunity during the cross-examination to show that the plaintiff did not make a return for state income-tax purposes. This showing had a bearing upon his statement as to his earnings.

■ Courts take judicial notice of the statutes of this state. Andrew v. Hartford Acc. & Ind. Co., 207 Iowa 652, 655; 223 N. W. 529; Mathews v. Turner, 212 Iowa 424, 432, 236 N. W. 412. We hold that the court was correct in these two rulings of which complaint was made.

■ III. It is further contended by the defendant that the court erred in submitting and including in its statement of the issues the specification of negligence in terms as follows: "In failing to have his automobile under reasonable control at the time and immediately before the collision," because it is claimed that this specification of negligence is unsupported by competent evidence. It is true that the element of speed was not submitted to the jury, but inasmuch as there is testimony to the effect that the defendant's car was driven off the edge of the pavement and then back onto it and across the center black line immediately prior to the collision, we feel that this ground of negligence was properly submitted.

■ IV. Defendant also asserts that error was committed by the trial court in permitting the jury to award the plaintiff damages for "loss of time, past and future," inasmuch as there was no such issue pleaded, and particularly because there was no competent evidence sustaining such an issue. Plaintiff in his petition stated that he "has been damaged for physical and mental pain and suffering, both past and present, and for loss of time, and * * * permanent bodily disability."

We held in the case of Cutter v. City of Des Moines, 137 Iowa 643, 646, 113 N. W. 1081, 1082, that an allegation in the petition "that he [plaintiff]̄ has endured great physical pain and mental suffering, and will continue to be permanently disabled on account of said accident, and will continue to suffer physical pain and mental anguish on account thereof * * *" justified an instruction as to loss of time in the past and in the future. See, also, Bailey v. City of Centerville, 108 Iowa 20, 28, 78 N. W. 831. We do not believe that the jury was permitted to return a verdict

of double damages for loss of time, past, present, and future, and also for permanent bodily disability, as contended by the defendant. We are convinced that there was ample evidence to justify the submission of this issue.

█ ▪ V. It is further claimed by the defendant that the court erred in giving its Instruction No. 5, which is in part as follows:

"You are instructed that it is the law of this state that a person operating an automobile on the public highway, outside of cities and towns, may use any portion of said highway except upon meeting an automobile being operated in the opposite direction, and he should then yield one half of said highway by turning to the right portion thereof, and remaining on said right portion until said automobiles have passed each other.

"A failure to so do would be presumptive evidence of negligence, but such presumption may be overcome by competent evidence to the contrary."

We do not believe there is merit in the contention of the defendant that the court was in error in its statement that, "A failure to so do would be presumptive evidence of negligence * * *" in that the statement should have referred to "prima facie evidence of negligence." It is our conclusion that the terms "presumptive evidence of negligence" and "prima facie evidence of negligence" are synonymous terms and have been so used by this court. This fact is recognized in 20 Iowa L. Rev. 147, where the following statement is found:

"The tendency of the Iowa court is to use interchangeably the terms 'presumption,' 'inference,' 'prima facie case,' 'presumption of law,' and 'presumption of fact.' "

In support of this statement the following cases are cited: Gibbs v. Farmers & Merchants State Bk., 123 Iowa 736, 99 N. W. 703; Anderson v. Chicago, R. I. & P. R. Co., 189 Iowa 739, 745, 175 N. W. 583; Green v. New York Life Ins. Co., 192 Iowa 32, 39, 182 N. W. 808; Griffith v. Arnold & Rasmussen, 204 Iowa 1216, 1218, 216 N. W. 728.

In the case of Lukin v. Marvel, 219 Iowa 773, 783, 259 N. W. 782, 787, we approved an instruction, wherein the term "prima

facie or presumptive evidence of negligence'' was used. In the case of Sergeant v. Challis, 213 Iowa 57, 62, 238 N. W. 442, 445, we said:

"The court in the instant case, properly instructed the jury with reference to the 'law of the road,' quoting the aforesaid statute, and then telling the jury that any failure on the part of each driver would be presumptive evidence of negligence on the part of the one so failing, but that said presumption is not conclusive, and that the same might be rebutted and overcome by other facts and circumstances shown in evidence. This is in conformity with our previous pronouncements.''

The synonymous use of the words ''presumption'' or ''prima facie'' is again found on page 65 of the Iowa citation and at page 446 of the Northwestern citation. Further synonymous use of these two words is found in Johnson v. Kinnan, 195 Iowa 720, 725, 726, 731, 192 N. W. 863. As further bearing upon this question, attention is here called to the following cases: Riepe v. Elting, 89 Iowa 82, 90, 56 N. W. 285, 26 L. R. A. 769, 48 Am. St. Rep. 356; Cook v. Fogarty, 103 Iowa 500, 504, 72 N. W. 677, 39 L. R. A. 488; Carpenter v. Campbell Automobile Co., 159 Iowa 52, 63, 64, 140 N. W. 225; Baker v. Zimmerman, 179 Iowa 272, 283, 161 N. W. 479. We do not believe that the distinction the defendant claims for these respective terms can be substantiated.

VI. The defendant, as a further ground for reversal, claims the verdict was excessive and the result of passion and prejudice and misconduct and sympathy of the jury. There is no evidence of prejudice or of improper conduct of the jury which in any way affected the jury's consideration of the amount of the verdict. The question then presented is whether the verdict was excessive. There is ample proof to sustain the finding that the plaintiff and his wife were damaged, by reason of expenses consisting of hospital, medical, and nursing care, and other expenses attendant to their injuries, in the amount of $2,798.91. There is further competent evidence to show that the damage to plaintiff's automobile and the expense of towing it from the scene of the accident amounted to $258, thus making a total of $3,056.91. The jury verdict allowed recovery of

$10,556.91 on plaintiff's personal claim for damages, and on the wife's claim for damages, which had been assigned to plaintiff, recovery in the amount of $2,500 was allowed. It will be observed that in connection with plaintiff's personal claim, recovery in the amount of $7,500 was allowed for physical and mental pain and suffering, past, present, and future, loss of time, past, present, and future, and temporary and permanent bodily disability. On the wife's claim $2,500 was allowed for mental and physical pain and suffering, and physical disability, and loss of time, both past and future. The total amount of the verdict was $13,056.91.

The attending physicians stated that the plaintiff's, Bachelder's, injuries consisted of a complete fracture of his right arm, fracture of the transverse process of the lumbar vertebra on the left side, tear or contusion of the right interior femoral cutaneous nerve, probable fractures of the eleventh and the twelfth ribs on the left side, fracture of the right kneecap, fracture of a bone in the left foot, severe brain concussion, multiple lacerations, and bruises and shock. It is further shown that in connection with the hospitalization of the plaintiff he developed bronchial pneumonia and suffered hiccoughs for quite a period of time. One of the attending physicians stated that he would expect Mr. Bachelder to carry permanent disability, due to the injury to his spine, in the nature of low back pains, and he would be thereby disabled about twenty to twenty-five per cent for the work he had ordinarily done. He stated that the plaintiff would not be able to carry any luggage without severe pain in his lower back and that if he did a lot of driving he would expect him to have pains in his back. He further stated that he would be forced to wear a corset for any amount of exercise that he might do.

The same physicians testified that Mrs. Bachelder's injuries consisted of a compression fracture of the twelfth dorsal vertebra, which, however, did not cause damage to the spinal cord. From October 20, 1940, to February 4th of the following year, she was required to wear a plaster cast extending from under her arms down to her groins. Thereafter she was required to wear a special heavy corset. The last time one of her physicians saw her

was in September 1941, and she was still wearing the corset. This physician stated that Mrs. Bachelder complained of pain when she was not wearing it. He further stated that she would not have normal flexibility of her spine at any time but that she would improve. He further testified that at the time he last examined Mrs. Bachelder she was suffering a partial disability of about twenty per cent but that he expected some improvement. He did not expect her, however, to completely recover from her disability.

We do not believe that the allowance made by the jury for the damages by reason of the injuries suffered by the wife was excessive. We likewise have concluded that the allowance of the jury for the damages sustained by the plaintiff was not excessive. The evidence shows that he had earned approximately $1,500 to $1,800 per year during the immediate years prior to the accident, and, as previously stated, he would not be able to carry on his previous work as a traveling salesman to the same extent as he had before the accident. There is evidence of continuing pain and suffering and of future disability. We stated in the case of Bailey v. Fredericksburg Produce Assn., 229 Iowa 677, 688, 295 N. W. 122, 127, that:

"Damages for past pain and suffering, and for future disability can only be approximated. The jury is entitled to a wide discretion."

This last-quoted statement is applicable to the situation present in the instant case.

We have not reviewed herein all the matters of which the defendant makes complaint, but we have given due consideration to all the claimed errors. After a complete and thorough review of the entire record and the briefs and arguments, we have concluded that there was no reversible error on the part of the trial court and that it should be affirmed.—Affirmed.

All JUSTICES concur.