## BEARDSLEE vs. HORTON.

An action for money had and received will lie where the defendant has in his possession, money which in equity and good conscience belongs to the plaintiff, and it is not essential that there should be an express promise to pay, or any privity between the parties.

Where a credit is given for a specified, or for an indefinite time, without express agreement as to interest; interest is not allowable in the first case until the term of credit has expired, and in the other, until a demand of payment.

A written order directing the drawee to pay what money he has of the drawer's, without specifying any sum, is not of itself proof in the hands of the drawee of the payment of any sum, but only proof of authority to pay to the person named in the order.

An instrument unconditionally promising payment of a specified sum at a certain time, to the payee or bearer, is a promissory note, notwithstanding the consideration upon which it was given is stated in the instrument.

This was an action of assumpsit brought by Beardslee "for the use of Mary Ann Hunt, formerly Mary Ann Culver," to recover the amount due upon an instrument signed by the defendant, and claimed to be a promissory note, and also a sum of money, the avails of certain demands left by Mrs. Culver with defendant for collection. After the money was collected, and the same had been demanded of the defendant, Mrs. Culver being about to get married, made an antenuptial assignment of all her property to the plaintiff in trust, for her separate use apart from her husband's control. The plaintiff claimed that the right of action previously belonging to Mrs. Culver against defendant, passed to him by the assignment giving him the right to sue defendant both for the moneys collected by him for Mrs. Culver, and for the amount of the instrument claimed to be a promissory note. This instrument contained a promise to pay Mrs. Culver or bearer a specific sum at a certain time, and recited the consideration to be a fanning mill, which the payee warranted to be good, and to do a good business, and which the maker of the note might return within a certain time in exchange for another mill, if it did not answer the warranty. The declar-

ation contained a count upon this instrument as a promissory note, and also a count for money had and received. The general issue was pleaded, and a verdict was found for the plaintiff. The defendant moved for a new trial, alleging errors in the charge of the Court as the ground therefor, and the case was reserved for the opinion of this Court upon said alleged errors.

*R. Manning*, for plaintiff.

1. The note given in evidence is a promissory note under the statute. (*Sanders* vs. *Bacon*, 8 *J. R.* 485; *Kelley* vs. *Mayor &c. of Brooklyn*, 4 *Hill*, 263; *Dutchess Cotton Manufactory* vs. *Davis*, 14 *J. R.* 238; *Goshen Turnpike Co.* vs. *Hurtin*, 9 *J. R.* 217.)

2. The money collected on the notes placed in defendant's hands for collection, may be recovered in the present suit under the count for money had and received. (*Bouvier Inst.* 3, 224; *Cooper* vs. *Wrench*, 1 *Dow & Ry.* 482; 16 *E. C. L.* 51; *Allen* vs. *Impett*, 8 *Taunt.* 263; 4 *E. C. L.* 97; *Claflin* vs. *Godfrey*, 21 *Pick.* 6; *Wiseman* vs. *Lyman*, 7 *Mass.* 286 ; *Rathbone* vs. *Stocking*, 2 *Barb. S. C.* 135; *Eddy* vs. *Smith*, 13 *Wend.* 488; *Neilson* vs. *Blight*, 1 *J. C.* 205; *Weston* vs. *Barker*, 12 *J. R.* 276; *Hall* vs. *Marston*, 17 *Mass.* 575; *Thallhimer* vs. *Brinckerhoff*, 6 *Cow.* 90; *Buel* vs. *Boughton*, 2 *Denio*, 91; *DeBernales* vs. *Fuller*, 14 *East.* 590; *Taylor* vs. *Bates*, 5 *Cow.* 376.)

3. Interest may be recovered in an action for money had and received. (*Pease* vs. *Barber*, 3 *Caines C.* 266; 9 *J. R.* 71; 11 *Mass.* 504; 3 *Cow.* 423; opinion of *Sutherland, J.*)

*M. Wisner*, for defendant.

1. The Court erred in charging the jury that the plaintiff could sue in his own name. A trustee can sue in his own name only where the debt was contracted to him.

2. The Court erred in charging that the jury might allow interest on the money collected after demand to pay it over. The demand was unliquidated, as the defendant was entitled to compensation for services in collecting the money, which not being liquidated, the plaintiff's demand cannot be; and unliquidated demands do not draw interest. No demand draws interest except by contract, express or implied, or by statute, save written promises to pay money. (*Calton* vs. *Bragg*, 15 *East.* 223.)

3. The order given by Mrs. Culver on defendant, was evidence *prima facia* of payment of all money in his hands collected for her.

4. The instrument declared on as a promissory note was a special contract, not negotiable. It was payable on a contingency, and not absolutely. (*Story on Prom. Notes*, § 23; 2 *Mich.* 130.)

By the Court, JOHNSON, J.

The first question which arises in this case is, whether an action for money had and received, can be sustained by the plaintiff.

By the *antenuptial* agreement of the 1st of March, A. D. 1844, at which time the money in question was in the hands of defendant, Mrs. Culver transferred all her estate, personal and real, to the plaintiff, Beardslee, for certain uses therein expressed.

The defendant was the agent of Mrs. Culver, and as such had collected the money in question; it was her money; a specific thing, in the hands of her agent. By the agreement aforesaid, this title passed to the plaintiff; and having thus acquired such title, he had the right to demand the same of the defendant, and upon refusal to bring this action.

An action for money had and received is an equitable action, and can be maintained in all cases for money which in *equity and good conscience* belongs to the plaintiff.

It has been much extended in modern times, and is founded solely upon the equitable rights of the parties.

The defendant cannot complain; it is the most favorable action for him, for he is at liberty to set up any equitable defence against the plaintiff; indeed, his defence is as broad in principle as the plaintiff's right of action.

. These principles are established by the following authorities, viz : Cooper vs. Wrench et al., 1 Dow & Ry. 482, (S. C.) 16 E. C. L. 51; Allen vs. Impett, 8 Taunt. 363, (S. C.) 4 E. C. L. 97; Claflin vs. Godfrey, 21 Pick. 6; Eddy vs. Smith, 13 Wend. 488; 3 Adol. & El. 118; Weston vs. Barker, 12 J. R. 276; Thallhimer vs. Brinckerhoff, 6 Cow. 90; Taylor vs. Bates, 5 Ib. 376.

Some of the foregoing cases are strictly analogous.

The case of Cooper vs. Wrench was an action of assumpsit for money had and received against the Sheriff, who had collected the money on an execution in favor of the plaintiff's assignor. The Court held the action maintainable.

In the case of Allen vs. Impett, the Court say, " This action is brought to recover the amount of dividends of stock to which the bankrupt was entitled, and which his trustees have received since the bankruptcy and applied to various purposes; with full notice of the bankruptcy they refused to pay the money to the assignees. There cannot be any difficulty in sustaining this action, the whole of the money having been virtually received by the trustees."

In the case of Eddy vs. Smith, it was held that a purchaser of the equity of redemption could maintain an action for the surplus in the hands of the mortgagee who was the purchaser at the mortgage sale.

In the case of Wiseman vs. Lyman, (7 Mass. 286,) Sedgwick, J., says, " Where one man has in his hands, money which according to the rules of equity and good conscience belongs to, and ought to be paid to another, this is the proper form of action for its recovery. If, then, at the com-

mencement of this action the defendant held money which, *ex equo et bono* he ought not to have retained from the plaintiffs, they are entitled to recover."

It will be found upon examination, that it is not essential to the maintenance of this action, that there should be any express promise to pay, for the law implies a promise where justice imposes a duty.

No privity is necessary; the plaintiff may waive all tort, trespass, and damages, and claim only the money which the defendant has actually received.

We are, therefore, of the opinion that this action can be sustained.

We are next to consider whether the Circuit Judge erred in charging the jury that interest was allowable after demand. When credit is given for a specified or indefinite time, interest is not allowable in the absence of a special agreement to pay interest; but after the expiration of the time in the one instance, and a demand in the other, interest is allowed—the right to recover interest in this case is supported by the authorities cited by plaintiff, viz.: Pease *vs.* Barber, 3 Caines' Ca. 266; 9 J. R. 71; Reid *vs.* Rensselaer Glass Factory, 3 Cow. 423.

The English rule seems to be, to allow interest only where the promise is in writing—the Court say in the case last above cited, that such distinction is without reason, and does not prevail in this country.

We are next to consider the effect of the order drawn by Mrs. Culver. The Judge charged the jury that the order alone was not evidence of the payment of any amount of money.

After a pretty careful examination of this point, arising from some difference of opinion in the first instance, we have finally concurred in the opinion that the charge was correct.

When an order is drawn for the payment of a specified sum, or for the delivery of a specific article, it will be prima

facie evidence in the hands of the drawee of the payment of the money in the one instance, and the delivery of the article in the other; but when it is for a sum, or a thing indefinite, it will only be evidence of authority to pay, or deliver to the person named in the order; and some further evidence will be required of the amount paid or delivered.

Now the order in question is not precisely of the one character or the other: it is not altogether indefinite, because it directs the defendant to pay over all the money he has collected on her demands, which of course is a sum certain; but that sum was not known to Mrs. Culver, and consequently it would seem that the defendant ought to show how much it was. If we should hold that this order was evidence of the payment of all the money collected up to the time of its presentation, it would impose upon the plaintiff the proof of a negative, and one too which could only have been proved by the payer of the order.

While on the other hand, it was in the power of the defendant before he parted with the money, to have secured the evidence of the amount paid by the receipt of the drawer.

We think on the whole, therefore, that this order must be regarded as one for the payment of an indefinite sum, and that the defendant cannot be allowed and credited for any sums beyond what he may have proved on the trial, to have been paid by him.

The remaining question is, whether the instrument declared on and read in evidence, is a promissory note.

The specification of the consideration does not in any manner qualify the instrument. The payment is not dependent by the terms of the instrument upon the quality of the fanning mill, for which it was given. The warranty was, that if the mill should fail to do good business, the payee would furnish another.

It has all the requisites of a promissory note; it is an absolute and unconditional promise in writing to pay a sum certain at a given time.

Let it therefore be certified to the Court below, as the opin-ion of this Court, that the motion for a new trial should be overruled.

Douglass, J., did not hear the argument.