## ELIAS H. GAULT v. JOHN M. VAN ZILE.

### Land Contracts—Evidence.

A purchaser under a land contract that does not specify what sort of deed he is entitled to may demand a deed with customary covenants; but what is customary is determined by the *lex rei sitæ.*

One who sues on a land contract is entitled to show that when he tendered the deed and other papers in fulfillment of it no objection was made to them.

Evidence of the waiver of stipulated rights should be explicit.

A deed of New York lands does not prove itself in Michigan under our statutes.

Error to Kalamazoo.     Submitted April 13.     Decided June 12.

ASSUMPSIT on a contract. The parties had signed a land contract November 19, 1873, by which Gault was to sell to Van Zile some land in New York and take in part payment therefor several lots in Kalamazoo; each party was to give the other, on April 1, 1874, a warranty deed subject to incumbrances specified; and Gault was to procure the extension for five years of a mortgage then resting on the New York property, or during that time protect Van Zile against any loss or damage arising from it, and to give a bond to that effect; the parties also bound themselves in the penal sum of two thousand dollars as stipulated damages

to be paid by the party failing in the faithful performance of these agreements. Van Zile did not appear on April 1 to fulfill the agreement, and on April 2, Gault tendered him a deed and bond which he refused to accept. Gault thereupon brought suit upon the contract, and on the trial, although the deed was admitted under objection, evidence that it was a warranty deed by the laws of New York was excluded. Evidence that when the deed and bond were tendered no objection was made to either, for either form or substance, was also excluded. The judge directed a verdict for the defendant, and plaintiff brought error.

*Edwin M. Irish* and *Germain H. Mason* (on brief) for plaintiff in error. The sufficiency of a deed is determined by the *lex rei sitæ* (2 Pars. Cont., 571, note *h*; *Hosford v. Nichols*, 1 Paige, 220). Evidence is admissible that when a deed was tendered under a contract no objection was made to the form of the instrument. *Gregg v. Von Phul*, 1 Wall., 274.

*Arthur Brown* and *Elbert M. Roos* (on brief) for defendant in error. Waiver of legal rights will not be lightly implied (*Bird v. Hamilton*, Walk. Ch., 371); intent is an element of it. *Hibernia Ins. Co. v. O'Connor*, 29 Mich., 241.

COOLEY, C. J. We think the circuit judge was in error in excluding the evidence which was offered to show that the deed of the New York lands was a warranty deed, as that term is understood under the laws of New York. On this point we need only refer to the cases of *Dwight v. Cutler*, 3 Mich., 566, and *Allen v. Hazen*, 26 Mich., 146, which recognize the right of the purchaser of lands whose contract does not specifically define the sort of deed he shall be entitled to, to demand a deed with customary covenants. But what was customary would be determined by the *lex rei sitæ*.

We also think the plaintiff should have been allowed to show that no objections were made to the deed and bond

when they were tendered. A failure to object would not be conclusive on the question of waiver of objections, but it would be an important circumstance to submit to the jury, and would bear more or less strongly on the question of the sufficiency of the penalty of the bond to protect Van Zile against possible loss in case of breach. We cannot determine from this record whether the penalty was or was not sufficient, because we are not informed what amount was owing on the mortgage. The condition of the bond was not what the agreement called for. By the agreement Gault was to procure an extension of the time of payment on the mortgage, "and should he not succeed in making said arrangement for the extension of the time for paying the same, to protect said party of the first part against any loss or damage arising from the same, for the said term of five years, giving bond for the same." The bond actually tendered only undertook to "protect and keep harmless the said John M. Van Zile from any expense he may be put to from any proceedings made to foreclose" the mortgage: an undertaking much less broad than that stipulated for. And while Van Zile might undoubtedly consent to receive such a bond, and waive his right to a more exact compliance with the agreement, the evidence to show such consent and waiver ought to be very full and distinct before it should be received as satisfactory.

Upon the question of the proof of the deed as it arises on this record we shall make no remark, because the judge based his ruling upon a ground that rendered such proof unimportant. But it is proper in view of another trial to say that as the deed was a deed of New York lands, it would not prove itself under our statutes.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.