FRANK M. TODD, as Executor, etc., of EZRA LEWIS, Deceased, Appellant and Respondent, *v.* SQUIRE V. VAUGHAN, Respondent and Appellant.

*Trust in personal property — action for money had and received — declarations of a decedent — after testimony by one party as to part of a conversation, the whole conversation may be stated by the other party to it.*

Where a testator in his lifetime delivers to a third person a sum of money, and directs him to expend it in a specific manner, a valid trust is created, which need not be in writing.

Where the executor of the testator subsequently demands the money of the trustee or depositary, and the latter admits that there is a balance of the money in his hands after making the payments directed by the testator, and that he is willing to pay it over, claiming no commissions as trustee, the executor may recover such balance from the trustee in an action for money had and received, and an equitable action for an accounting is unnecessary.

Where a testator creates a trust in personal property, and directs his trustee to pay a portion of the fund to a third person, to be expended by such third person for his father's funeral expenses, including a tombstone, such third person has no such interest in the money as will prevent his testifying to conversations taking place between the testator and the trustee.

Where an executor testifies in his own behalf that he called upon the trustee of an alleged trust, and demanded that the trustee account to him for moneys received by the trustee from the testator, and that the trustee then admitted the delivery of the moneys to him by the testator, the trustee is entitled to prove the whole of the conversation, in order to show what the real transaction with the deceased was, and that it was not what it appeared to be from that portion of it which the executor had related.

APPEAL by the defendant, Squire V. Vaughan, from so much of a judgment of the Supreme Court, entered upon the report of a referee in the office of the clerk of the county of Allegany on the 20th day of July, 1894, as orders and adjudges that the plaintiff recover of the defendant the sum of $70.45 for his second cause of action, together with costs.

Also an appeal by the plaintiff, Frank M. Todd, as executor, etc., of Ezra Lewis, deceased, from that part of said judgment which orders and adjudges that he do not recover of said defendant the further sum of $354, with interest, demanded in the plaintiff's second cause of action.

*R. S. Armstrong,* for the plaintiff.

*J. S. Leggett,* for the defendant.

LEWIS, J. :

The judgment in this action was entered upon the report of a referee. There were two counts in the plaintiff's complaint. Judgment was demanded in the first count for $400. The referee found for the plaintiff upon the first count, and neither party has appealed from that part of the judgment.

Plaintiff in the second count of his complaint asked to recover of the defendant the sum of $417.47, for money had and received by the defendant to the use of the testator.

The referee found that the plaintiff was entitled to recover under the second count the sum of $63.47, with interest, and that he was not entitled to recover the balance of said sum of $417.47, and both parties appealed from the decision of the referee under the second count.

The evidence tended to show that during his last sickness and two or three days before his death, the testator delivered to the defendant $417.47, and requested him to use the same for the following purposes : *First,* to pay the funeral expenses of the deceased, and to deliver to Ezra Lewis, a nephew of the deceased, the sum of $200 ; to deliver to William Lewis $100, with which William was to pay the funeral expenses of his father, Aaron Lewis, deceased, who was a brother of the testator, and also erect a tombstone at the grave of said Aaron Lewis, deceased.

The defendant received the money and promised to appropriate the same as directed by the testator. After the testator's death the defendant paid as directed $200 to Ezra Lewis, $100 to William Lewis, and paid the funeral expenses of the deceased, which amounted to the sum of $54, which left $63.47 of said money in his hands unexpended.

After the money had been so disbursed by the defendant, the plaintiff, as the executor of the will of the testator, demanded of the defendant the $417.47.

It is the contention of the plaintiff's counsel that, notwithstanding the circumstances under which the defendant received the $417.47, his authority to disburse the money as directed was revoked by the death of the testator.

The referee, we think, correctly held that the defendant became a trustee of the fund, and in paying it out acted in discharge of a trust which he had assumed at the request of the deceased, and that he was under no legal obligation to account to the plaintiff for that portion of the fund which he had disbursed.

It is the contention of the defendant that he is not liable to the plaintiff, in this form of action, for the unexpended portion of the money which he concedes to be in his hands. He insists that if the plaintiff is to recover the sixty-three dollars and forty-seven cents it should be in an action in equity for an accounting; that in that form of action he would be permitted to recover his commissions and expenses as trustee. It was fairly established by the evidence that when the plaintiff demanded the money of the defendant the defendant conceded that there was a balance in his hands of sixty-three dollars and forty-seven cents, which he was willing to pay to the plaintiff, and that he did not at the time claim to be entitled to any allowance for commissions as trustee.

Upon these facts we see no reason why the defendant was not liable to the plaintiff in an action for money had and received.

We have examined the exceptions of the respective parties to the rulings of the referee.

William Lewis was called as a witness by the defendant. He testified that he was present at the conversation between the deceased and the defendant concerning the $417.47. When asked to relate it, the plaintiff objected, claiming that the witness was incompetent under section 829 of the Code of Civil Procedure to testify to the conversation upon the ground that he was personally interested in the event of the action.

It appeared, as stated, that the sum of $100 was to be delivered to him to be used to pay his father's funeral expenses, and to pay for a tombstone at his father's grave. The entire sum was to be expended by him for the purposes named. He had no right to retain any portion of it to his own use. He was not, so far as appeared, under any legal obligation to pay his father's funeral expenses or to erect the tombstone at his own expense. Whether he was a competent witness to testify as to so much of the conversation between the deceased and the defendant as related to the $400 claim, is not before us for our decision; for, as stated, both

parties acquiesced in the referee's decision concerning that sum. The witness does not seem to have had any personal interest in the second cause of action, and there was no reason for excluding his testimony as to that part of the conversation which related to the $417.47.

The plaintiff was called as a witness, and to establish his second cause of action testified that he called upon the defendant and demanded that he account for the money. That the defendant admitted to him that the testator delivered to him the $417.47.

The defendant was permitted, on the cross-examination of the plaintiff, to call out the balance of the conversation, and show that the defendant, in the same conversation, related the circumstances of the delivery of the money to him by the testator, and what he was directed to do with the money. The plaintiff had related so much of the conversation as tended to charge the defendant with the receipt of the money and establish his liability to account therefor to the plaintiff as the representative of the estate. The effect of the balance of the conversation was to destroy or modify the use which plaintiff sought to make of the admission. Upon the plainest principles of justice and equity the defendant was entitled to the balance of the conversation, with a view of showing what the real transaction was, for the purpose of showing that it was not what it appeared to be from the portion of the conversation which the plaintiff had related. (*Bearss* v. *Copley*, 10 N. Y. 93; *Nay* v. *Curley*, 113 id. 575.)

The defendant was, we think, a trustee of the $417.47. This sum was delivered to him by the deceased for the purposes mentioned. The defendant deposited it, as the evidence shows, in a bank to his own credit; during the lifetime of the testator the deceased parted with its possession.

The circumstances amounted to a declaration of trust. (*Martin* v. *Funk*, 75 N. Y. 134; *Young* v. *Young*, 80 id. 422; *Von Hesse* v. *MacKaye*, 136 id. 114.)

No writing was necessary to create the trust. (*Matter of Carpenter*, 131 N. Y. 86.)

We fail to find any reason for disturbing the findings or conclusions of the referee.

The judgment should be affirmed, but without costs of this appeal to either party.

BRADLEY and WARD, JJ., concurred; DWIGHT, P. J., not voting.

Judgment affirmed, without costs to either party.