James McClean, Appellant, v. G. F. Stansberry, Appellee.

**Sales at public auction:** RESCISSION: RECOVERY OF FUND FROM CLERK: PRIVITY OF CONTRACT: STATUTE OF FRAUDS. Where a defendant has money in his hands which in equity and good conscience belongs to the plaintiff the law implies an obligation on his part to pay it on demand, which is the only privity of contract between them required to authorize recovery. Thus where a clerk at a public auction received pay for property sold, but the sale was rescinded while he was still in possession of the fund, he may be required to repay the purchaser in an action against him alone: And the action is not on a contract to pay the debt of another within the meaning of the statute of frauds.

*Appeal from Marshall District Court.*—Hon. C. B. Bradshaw, Judge.

Friday, May 12, 1911.

The opinion states the facts. *Reversed.*

*J. L. Carney* for appellant.

*C. H. Van Law* and *F. L. Meeker,* for appellee.

Weaver, J.—The petition herein is at law, and states in substance that at a public sale, held by one W. J. Paul,

said Paul sold and falsely warranted to the plaintiff a certain mare at the price or bid of $60, and in pursuance of said purchase plaintiff then and there paid said sum of money to the defendant, who was acting as clerk of the sale, and who still retains possession thereof; that very soon after taking the animal into his possession plaintiff discovered her to be unsound, and at once rescinded the purchase and returned the mare to the said Paul, who accepted the return, and about the same time left the state. It is further alleged that after the rescission of said sale and purchase, plaintiff demanded a return of his money from defendant, who refused and still refuses to pay the same, on the alleged ground that Paul has not ordered or authorized him to return the money so placed in his hands. On this showing plaintiff asks judgment for $60, and interest.

To this petition the defendant demurred on the following grounds: (1) That there is no privity of contract relations between the parties with reference to the subject matter of plaintiff's complaint. (2) That defendant is not made a party to this action in any capacity in which he would be bound by any legal liability to plaintiff. (3) Because there is no showing that defendant was in any sense a party to the alleged guaranties as set forth in plaintiff's petition. (4) Because the petition discloses a state of facts upon which defendant could not be rendered liable, except the terms of such liability be expressed in writing; for each and all such reasons the defendant now demurs to the petition of plaintiff. This demurrer was sustained by the trial court, and plaintiff electing to stand on his petition, and, refusing further to plead, judgment was entered against him for costs. Plaintiff appeals.

We regret the defendant's confidence in the strength of his position is such that he submits the case on his part without argument, except to restate the ground of his demurrer and say there is "no necessity for citation

of cases upon so simple a proposition," and that "upon such a state of facts no liability arises as against the defendant." The conclusion thus insisted upon is by no means so obvious to us. The fatal weakness in the position taken by appellee is in the assumption that plaintiff is seeking a recovery from him on the contract of sale and warranty made between plaintiff and Paul. But such is not the nature of the claim sued upon. The allegation is, in substance, that the money having been delivered to the defendant as a mere conduit in its transmission from plaintiff to Paul the sale was rescinded and property returned to Paul, leaving the purchase money in the hands of the defendant, who refuses plaintiff's demand for its delivery, and makes no excuse therefor, except the want of an order or request from Paul, authorizing it. All of this is admitted by the demurrer, and we are unable to conceive any good reason for holding that no cause of action is stated. It is not a demand based on the purchase of the mare. It is a demand for money paid or delivered to the defendant for the consummation of a contract for a purchase from Paul, which was never fully accomplished. In legal contemplation, the money in the defendant's hands never became the money of Paul, and when the sale was rescinded defendant held such money, not for Paul, but for the plaintiff, and it was his duty to pay it over to him when called for. Whether under the ancient practice the appropriate form of action for its recovery would be in trover for its tortious conversion, as plaintiff seems to think, or in assumpsit for money had and received, is not a matter of material inquiry. It is enough that the facts stated in the petition and admitted by the demurrer show a right of action of any kind. If the defendant has money in his hands, which in equity and good conscience belongs to plaintiff, the law implies an agreement or obligation on his part to pay it on demand (*Norway v. Clear Lake,* 11 Iowa, 506), and this is all the privity between them

which the law requires to uphold a suit for its recovery. *Beardslee v. Horton*, 3 Mich. 560; *Wiseman v. Lyman*, 7 Mass. 286; *Farmer v. Bank*, 130 Iowa, 469.

Says the Michigan court in the *Beardslee* case, *supra:* "It is not essential to the maintenance of this action that there should be any express promise to pay, for the law implies a promise where justice imposes a duty. No privity is necessary; the plaintiff may waive all tort, trespass, and damages, and claim only the money defendant has actually received." In another case the same court has stated the rule thus: "There need be no privity of contract alleged or proved, other than such as arises out of the fact that the defendant has received the plaintiff's money, which in equity and good conscience he ought not to retain." *Walker v. Conant*, 65 Mich. 194 (31 N. W. 786). The same rule is affirmed in *Brand v. Williams*, 29 Minn. 238 (13 N. W. 42); *Lawson v. Lawson*, 16 Grat. (Va.) 230 (80 Am. Dec. 702); *Todd v. Vaughn*, 90 Hun, 70 (35 N. Y. Supp. 457); *Ela v. Express Co.*, 29 Wis. 617 (9 Am. Rep. 619).

Of the other grounds of the demurrer, the second is quite obscure; but we assume it to be only another form of the objection because of want of privity between the parties. The last ground assigned raises the question of the statute of frauds, but does not specify the particular section or part of that statute on which reliance is placed. It is, perhaps, the thought of counsel that plaintiff is seeking to hold defendant liable for payment of the debt of a third person, and the undertaking therefore should be in writing; but such is not the effect of the petition. Defendant is not asked to pay any debt or obligation of Paul, but to pay and discharge his own personal obligation to return the money held by him for the use and benefit of the plaintiff.

The district court erred in sustaining the demurrer to the petition, and the judgment entered thereon will be

reversed, and cause remanded for further proceedings, not inconsistent with the views expressed in this opinion. *Reversed.*