**Dala HULME, Fiduciary of the Estate of Wilmer Hulme, Appellee,**

v.

**Verona L. STUMMA, Appellant.**

**No. 55413.**

Supreme Court of Iowa.

Feb. 21, 1973.

Robertson & Robertson, La Porte City, for appellant.

Michael W. Rickert, Reinbeck, for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

The question here is whether the trial court properly denied a claim against an estate.

Claimant Verona L. Stumma filed a claim for $1,200 against the Wilmer Hulme estate, and the fiduciary of the estate denied it. The claim was tried to the court.

At trial, claimant introduced evidence of two matters pertaining to her claim: first, that she drew a check for $1,200 on the La Porte City State Bank payable to Wilmer Hulme and delivered the check to Hulme, and that he endorsed it; and second, that she did not owe Hulme anything at the time. Claimant's attempt to intro-

duce further evidence was met by the objection of the dead man's statute (§ 622.4, Code 1973). The objection was sustained, and claimant does not assert error in that ruling. The fiduciary introduced no evidence.

The trial court denied the claim on the ground, in substance, that no evidence was introduced of the circumstances underlying the giving of the check from which the court could find that Hulme was obligated to claimant. Claimant appealed.

No evidence whatever was adduced of an express contract. Claimant predicates liability, therefore, upon money had and received.

"Money had and received" was developed in the common law as one of the common counts in general assumpsit to cover the case in which a person receives money that in equity and good conscience belongs to another. Restatement, Restitution, Introductory Note, 4, 8–9; 1 Am.Jur.2d Actions § 13 at 553–554; 58 C.J.S. Money Received § 1 at 906. As stated in In re Estate of Stratman, 231 Iowa 480, 488, 1 N.W.2d 636, 642, "It is elementary that to establish such a claim, it is essential merely to prove that a defendant has received money which in equity and good conscience belongs to plaintiff."

■ Before a plaintiff may recover on this basis, however, he must prove not only that the defendant received the money, but also the circumstances making it inequitable for the defendant to retain the money. Griffith v. Arnold & Rasmussen, 204 Iowa 1216, 216 N.W. 728; 58 C.J.S. Money Received § 31d at 944, 945 ("Vagueness and indefiniteness of proof is as objectionable in such actions as in any other, and proof is insufficient which furnishes ground for conjecture."). Illustrations showing such inequity are found in Restatement, Restitution, §§ 15 (money paid by mistake), 22 (wrong payee), 142 (changed circumstances).

■ Claimant's difficulty in the present case is that while she proved Hulme received $1,200 from her, when she attempted to show the circumstances which would presumably make it inequitable for Hulme to keep the money, she ran headlong into the dead man's statute and introduced no further proof. We could as easily speculate that she made Hulme a gift of the money as that she lent it to him or delivered it to him under other circumstances which made it inequitable for him to retain the money. In this connection, if she did lend him the money, her claim would at common law have been for money lent rather than money had and received. 1 Am.Jur.2d Actions § 13 at 553. See Eichenberg v. Magidson's Estate, 170 S.W.2d 105 (Mo. App.).

Claimant's authorities are not in point. One is Alpen v. Chapman, 179 N.W.2d 585 (Iowa). But there the underlying circumstances were proved. Another is In re Estate of Stratman, 231 Iowa 480, 1 N.W. 2d 636. There the circumstances were also proved—the defendant received estate funds which belonged to the plaintiff. Still another is McClean v. Stansberry, 151 Iowa 312, 131 N.W. 15. There, too, the circumstances were established—the rescinded sale of a mare.

Claimant also cites § 633.446 of the Code. That statute does not deal with the problem here. The fiduciary does not rely on payment but on claimant's failure to prove her claim in the first place.

The trial court was right in holding claimant failed to establish a factual basis rendering Hulme liable.

Affirmed.