KEY PONTIAC, INC., Appellee,

v.

BLUE GRASS SAVINGS BANK, Appellant.

No. 60428.

Supreme Court of Iowa.

May 17, 1978.

Frank D. Tucker, Jr. of Tucker Law Office, Bettendorf, for appellant.

Dana M. Craig, of Lane & Waterman, Davenport, for appellee.

Considered by MOORE, C. J., and Le-GRAND, REES, HARRIS and McCOR-MICK, JJ.

MOORE, Chief Justice.

Defendant Blue Grass Savings Bank appeals from trial court order sustaining plaintiff Key Pontiac's motion for summary judgment in an action brought for recovery of $4120.94. Plaintiff had alleged the $4120.94 was the amount of a check which it had sent to defendant-bank for the special purpose of obtaining a certificate of title to an automobile which it had taken in trade. Defendant had retained the check without sending the certificate of title. Trial court concluded as a matter of law plaintiff was entitled to recovery under a theory of money had and received. We affirm.

Trial court made its ruling based on the following undisputed facts. On April 15, 1974 defendant-bank executed a purchase money automobile loan to one Loren Oberbeck on a 1973 Pontiac Grand Prix, serial No. 2K57Y3P260702. In connection with the loan Oberbeck executed an installment note and security agreement listing thereon its security interest in favor of the bank. Defendant requested the automobile dealer, Campbell Auto Sales of Rock Island, Illinois to reserve a lien in favor of defendant on the title certificate. Campbell Auto never forwarded the certificate to the bank as was the customary practice.

On June 27, 1974 plaintiff, an Elmhurst, Illinois automobile dealer, sold a 1974 Pontiac to Oberbeck and in doing so accepted a trade-in of the 1973 Pontiac Grand Prix. Oberbeck advised plaintiff that defendant-bank held a security interest on the 1973 automobile. Thereafter in order to obtain title to that automobile plaintiff sent defendant a check in the amount of $4120.94, the amount outstanding on the loan, with attached remittance advice as follows:

"Pay-off for Loren H. Oberbeck on 1973 Pontiac Ser. # 2K57Y3P260702.
Please send title to: Key Pontiac
　　　　　　　　　364 W. Grand Ave.
　　　　　　　　　Elmhurst, Illinois"

Defendant cashed the check and applied the proceeds to Oberbeck's outstanding debt on the loan. However, because defendant had neither obtained the certificate of title nor made a notation on the certificate of its lien, the bank did not send plaintiff the title. Oberbeck had disappeared.

Subsequently, plaintiff commenced this action on July 9, 1975 seeking to recover the

money paid to defendant on the theories of money had and received, conversion and implied contract. Defendant answered admitting it had received and cashed the check but denied that this was unjust or inequitable. Trial court sustained plaintiff's motion on its first alleged ground for recovery.

The parties agreed in the lower court there was no factual dispute. Therefore the only question presented on this appeal is whether plaintiff is entitled to the relief sought as a matter of law.

■ I. "Money had and received" was developed at common law as one of the common counts in general assumpsit to cover the case in which a person receives money that in equity and good conscience belongs to another. *Hulme v. Stumma,* Iowa, 204 N.W.2d 632, 633; Dobbs, Handbook on the Law of Remedies, section 4.2 at 236; 1 Am.Jur.2d, Actions, section 13 at 553–554; 58 C.J.S. Money Received § 1 at 906. Although this form of action is ordinarily one at law, it is governed by equitable principles and is favored by the courts. *Alpen v. Chapman,* Iowa, 179 N.W.2d 585, 588; *In Re Estate of Stratman,* 231 Iowa 480, 488, 1 N.W.2d 636, 642.

■ However, before a plaintiff may recover under this theory he must establish by a preponderance of the evidence not only that defendant received the money but also the circumstances making it inequitable for the defendant to retain the money. *Hulme v. Stumma,* supra; *Alpen v. Chapman,* supra, 179 N.W.2d at 593; *In Re Estate of Stratman,* supra, 231 Iowa at 488, 1 N.W.2d at 642.

Defendant does not challenge trial court's specific findings that it had received and retained the check from plaintiff. What it does challenge is the court's conclusion that the retention of the money under the facts of this case constituted "unjust enrichment" as a matter of law.

■ Although what constitutes "unjust enrichment" will vary from case to case, we are guided in our analysis by several well-settled principles. An action based upon a failure of consideration is ruled by broad considerations of equity and justice. 12 Williston on Contracts, sections 1457– 1457A. As stated in the Restatement, Restitution, section 1 at page 12: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Additionally, a person is unjustly enriched if the retention of a benefit would be unjust. And a person should not be allowed to profit or enrich himself inequitably at the expense of another. *Schildberg Rock Products Co. v. Brooks,* 258 Iowa 759, 770, 140 N.W.2d 132, 139–140; *Shadle v. Borrusch,* 255 Iowa 1122, 1127, 125 N.W.2d 507, 510; *Gard v. Razanskas,* 248 Iowa 1333, 1336, 85 N.W.2d 612, 614.

■ II. It is well established that an action for money had and received lies where money is given for a special purpose which is not carried out. 58 C.J.S. Money Received § 12 at 922; *Alpen v. Chapman,* supra, Iowa, 179 N.W.2d 585; *Younglove v. Hoberg,* 195 Iowa 281, 191 N.W. 985; *McClean v. Stansberry,* 151 Iowa 312, 131 N.W. 15.

Plaintiff contends the check here was sent to defendant for a specific purpose which defendant failed to perform and therefore an action for money had and received was established. This contention turns on whether the remittance advice attached to the check created an express obligation in defendant to send the car title. Plaintiff so urges and relies on our earlier case of *In re Estate of Smith,* 244 Iowa 866, 58 N.W.2d 378. This reliance is well taken.

In *Smith's Estate* we recognized that marginal notations placed on a negotiable instrument at the time of execution are to be construed as part of the instrument and may impose additional conditions and obligations on the payee.

Other courts have expressly held that where a check is specially drawn in such a

manner that payment is clearly made for a special purpose and that purpose fails, the defendant then becomes obligated to return the check to plaintiff. *Southeast First Nat. Bank of Miami v. Taines,* Fla.App., 339 So.2d 275; *Federal Employees Cr. U. v. Capital Automobile Co.,* 124 Ga.App. 144, 183 S.E.2d 39.

III. Defendant argues that by paying off Mr. Oberbeck's loan it supplied valid consideration for the transaction. However, this argument ignores the clear remittance language of the check as well as the nature of consideration. To constitute consideration a performance or return promise must be bargained for. Restatement, Second, Contracts § 75(1) (Tentative Drafts Nos. 1–7). Here the only act the bank could perform which plaintiff bargained for was remitting the certificate of title. Payment of Oberbeck's loan without sending the title was not consideration for plaintiff's payment. Since the bank had never perfected its security interest by notation on the title certificate, Code section 321.50, its claimed security interest was invalidated. Section 321.45. Once it became manifest that the special purpose was impossible to satisfy, the bank's duty to return the check to plaintiff arose. Any dealings either party had with Oberbeck were not material. *American Fletcher Nat. Bank & Trust Co. v. Flick,* 146 Ind.App. 122, 128–30, 252 N.E.2d 839, 844.

IV. Defendant also argues plaintiff is not entitled to recover in this case because the remittance advice appended to the check was nothing more than an attempt to limit the negotiability of the instrument. Code section 554.3105. However, this argument confuses the commercial concept of "negotiability" with the underlying liability between the immediate parties to a check. Negotiation is nothing more than the transfer of an instrument in such form that the transferee becomes a holder. Section 554.3202. This transfer does not discharge the obligations for which the instrument was received. Rather, a transferee who has notice of a defense takes the instrument subject to that defense. Section 554.3201. Only a holder in due course is able to cut off all defenses such as delivery for a special purpose. Section 554.3305.

It is clear plaintiff sent the check in question to the defendant-bank for a special purpose which the bank failed to perform. Under these circumstances, all of the elements of an action for money had and received were established and thus plaintiff was entitled to summary judgment as a matter of law. Trial court was correct in so ruling.

AFFIRMED.